UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROBERT JOHNSON,

                          Plaintiff,                           **ANSWER**

                 -against-                                 07 CV 4526 (SAS)(DFE)

THE CITY OF NEW YORK AND POLICE               **Jury Trial Demanded**
OFFICERS JOHN DOE #1-5,

                        Defendants.
------------------------------------------------------------------x

       Defendant the City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as for its answer to the complaint, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified defendants.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admits that a document purporting to be Notice a Claim was filed with the Office of the Comptroller of the City New York.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "6" of the complaint, except admits that no payment has been made by defendant City of New York.

7.  Denies the allegations set forth in paragraph "7" of the complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Denies the allegations set forth in paragraph "9" of the complaint, except admits that defendant City of New York is a municipal, and respectfully refers the Court to the New York City Administrative Charter for a recitation of the relationship between the City of New York and the New York City Police Department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint concerning unidentified defendants.

11. Defendant states that the statement set forth in paragraph "11" of the complaint constitutes a legal conclusion as to which no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.[1]

40. Defendant states that the statement set forth in paragraph "40" of the complaint is not an averment to which a response is required.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges paragraphs "1-40" of its answer as if set forth fully herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Defendant states that the statement set forth in paragraph "44" of the complaint is not an averment to which a response is required.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges paragraphs "1-44" of its answer as if set forth fully herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Defendant states that the statement set forth in paragraph "48" of the complaint is not an averment to which a response is required.

---

[1] The complaint omits paragraphs 33-39.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges paragraphs "1-48" of its answer as if set forth fully herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Defendant states that the statement set forth in paragraph "53" of the complaint is not an averment to which a response is required.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges paragraphs "1-53" of its answer as if set forth fully herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Defendant states that the statement set forth in paragraph "62" of the complaint is not an averment to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. The City of New York has not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of

New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

65. To the extent plaintiff asserts state law claims against the City of New York such claims should be barred by the doctrine of governmental immunity for discretionary, policy-making and/or judgmental functions..

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

66. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

68. Punitive damages are not recoverable as against the City.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

68. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

69. Plaintiff may not have satisfied all the conditions precedent to suit.

**WHEREFORE**, defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 26, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendant City
                                      100 Church Street, Room 3-148
                                      New York, New York 10007
                                      (212) 788-1277

                 By:          _____
                                      Joyce Campbell Priveterre (JC 1846)
                                      Assistant Corporation Counsel

TO:  Michael B. Ronemus, Esq.(MR4999)
       Ronemus & Vilensky
       112 Madison Avenue
       New York, NY 10016

07 CV 4526 ( )( )

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOHNSON,

                              Plaintiff,

                   -against-

THE CITY OF NEW YORK AND POLICE
OFFICERS JOHN DOE #1-5,

                             Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 CHURCH STREET*
*NEW YORK, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*

*Due and timely service is hereby Admitted.*
*New York, N.Y.* ~~July , 2007~~ Sept 20, 2007

*Joyce Campbell Privéterre, Esq.*
Attorney for Defendant City